**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Baboucar B. Taal**

    **v.**

**St. Mary's Bank, Discover Bank,**
**and Niederman, Stanzel & Lindsey**

Case No. 13-cv-194-PB
Opinion No. 2013 DNH 105


**MEMORANDUM AND ORDER**


Baboucar Taal appeals from a Bankruptcy Court ruling
dismissing his Chapter 13 petition.  Taal filed his brief more
than a month late.  The brief is largely unintelligible and
fails to comply with Federal Rule of Bankruptcy Procedure
8010(a)(1).  Appellee St. Mary's Bank ("SMB") has moved to
strike Taal's brief and dismiss his appeal.  I determine that:
(1) Taal's untimely filing was the result of excusable neglect;
(2) his brief must nevertheless be stricken because it is
unintelligible and fails to comply with Bankruptcy Court Rules;
and (3) Taal will be given 14 days to file a brief that clearly
sets forth his appellate arguments and complies with Rule
8010(a)(1).  Accordingly, I grant in part and deny in part SMB's
motion to strike and dismiss.  (Doc. No. 21.)[1]

---

[1] Taal asserts that SMB's motion is a nonconforming document that

## I.   <u>PROCEDURAL BACKGROUND</u>

Taal filed a notice of appeal from a bankruptcy court decision on April 23, 2013.  Doc. No. 1.  On May 2, 2013, he filed a "Motion to Amend / Alter 'Motion to Stay Pending Appeal' Order," Doc. No. 9, which I denied on May 21, 2013.  <u>See</u> Endorsed Order dated May 21, 2013.  On May 20, 2013, Taal filed a Motion to Compel Production of Discovery.  Doc. No. 12.  I denied that motion on June 24, 2013.  <u>See</u> Endorsed Order dated June 24, 2013.  Taal finally submitted his appeals brief, Doc. No. 18, on June 28.

On July 3, SMB filed a motion to strike Taal's brief and dismiss the case for failure to comply with the briefing schedule in Rule 8009 or the briefing requirements set out in Rule 8010.  <u>See</u> Fed. R. Bankr. P. 8009, 8010; Doc. No. 21.  NSL and Discover Bank joined SMB's motion to strike and dismiss.

---

violates Local Rule 7.1(a)(1) because it seeks two forms of relief.  Taal is incorrect.  Although that Rule states that "[f]ilers shall not combine multiple motions seeking separate and distinct relief into a single filing," when one form of relief ordinarily follows from another form of relief, it does not violate the Rule to seek both forms of relief in a single motion.  Here, where SMB requests an order striking appellant's brief, and dismissal of the case would ordinarily follow that relief, the document is not considered a nonconforming document.

Doc. Nos. 23, 30.  Taal neither filed a response, nor offered
any explanation for his failure to timely file a brief.

## II.  <u>STANDARD OF REVIEW</u>

This court has jurisdiction to hear appeals from final
judgments, orders, and decrees issued in bankruptcy court
pursuant to 28 U.S.C. § 158(a)(1).  Generally, when reviewing a
decision by a bankruptcy court, the district court upholds
findings of fact unless they are clearly erroneous, and reviews
legal conclusions de novo.  Fed. R. Bankr. P. 8013; Palmacci v.
Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997); Askenaizer v.
Moate, 406 B.R. 444, 447 (D.N.H. 2009).  In this case, however,
the appellees responded to Taal's appeal by raising the
threshold argument that the appeal should be dismissed for
failure to comply with the briefing schedule and briefing
requirements in the Bankruptcy Rules.  Because I strike Taal's
brief for failure to comply with Rule 8010(a), I do not address
the merits of his appeal.  See Hermosilla v. Hermosilla, 447
B.R. 661, 664 (D. Mass. 2011).

### III.  __ANALYSIS__

The briefing schedule for a bankruptcy appeal to a federal district court is established by law.  See Fed. R. Bankr. P. 8009.  According to Rule 8009, an appellant has fourteen days after filing a notice of appeal within which to file a supporting brief.  Id. at 8009(a)(1).  Taal's appeal was entered on the docket on April 24, 2013.  See Doc. No. 1.  Thus, his brief should have been filed by May 8, 2013.  See Fed. R. Bankr. P. 8009(a)(1).  Taal failed to meet that deadline and, instead, filed an untimely brief on June 28, 2013.  See Doc. No. 18.

Untimely filing of a supporting brief permits but does not require dismissal of a bankruptcy appeal.  See Hermosilla, 447 B.R. at 667 (noting that the First Circuit has not issued a decision directly on point, but that "most other courts in the First Circuit believe that the decision to dismiss bankruptcy appeals for failure to comply with Rule 8009 is discretionary" and collecting cases in support); see also In re Truong, 327 Fed. Appx. 260, 261 (2d Cir. 2009) ("[D]istrict courts should exercise their discretion and determine whether dismissal is appropriate where a party fails to comply with this rule.").

To determine whether to accept a late filed brief, a court

considers whether "the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1); see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 383 (1993) (noting that "Rule 9006 is a general rule governing the . . . enlargement . . . of periods of time prescribed in other bankruptcy rules"). "The burden of proving excusable neglect lies with the late-claimant." Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir. 2000); see In re Enron Corp., 419 F.3d 115, 121 (2d Cir. 2005); Hanson v. First Bank of S.D., N.A., 828 F.2d 1310, 1314 (8th Cir. 1987); In re Moretti, 260 B.R. 602, 608 (B.A.P. 1st Cir. 2001).

To demonstrate "excusable neglect," an appellant must first demonstrate that his filing was delayed due to "neglect." See Pioneer, 507 U.S. at 388 (stating that "neglect" "encompasses both simple faultless omissions to act and . . . omissions caused by carelessness"). The appellant must then demonstrate that his neglect was "excusable." Id. at 395. Courts consider a variety of factors in assessing whether a late-claimant's neglect was excusable, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395; Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001).

Considering the Pioneer factors, and mindful that pro se pleadings are to be "liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976), I decline to dismiss Taal's appeal for failure to timely file a supporting brief.  SMB does not argue that it has been prejudiced by the late filing, and I discern no prejudice.  The length of the filing delay was only one month. Cf. In re Braniff Airways, Inc., 774 F.2d 1303, 1304-05 (5th Cir. 1985) (upholding district court's dismissal of a bankruptcy appeal where, after nineteen months, appellant still had not filed a brief); In re Tampa Chain Co., 835 F.2d 54, 55 (2d Cir. 1987) (upholding district court's dismissal of bankruptcy appeal for failure to prosecute where the debtor failed to file a brief for seven months and failed to explain why).  The delay in this case has not impacted the proceedings.  Although Taal has not attempted to explain the delay, after reviewing the record generously, it appears that Taal believed his motion to amend/alter motion to stay pending appeal, Doc. No. 9, and his

6

motion to compel discovery, Doc. No. 12, tolled the time period for filing a brief in support of his appeal, since he filed his brief, Doc. No. 18 (dated June 28, 2013), just four days after I denied the latter motion.  <u>See</u> Endorsed Order denying Motion to Compel dated June 24, 2013.  Finally, I see no evidence of bad faith on Taal's part in failing to timely file his brief.

Thus, I conclude that Taal's untimeliness does not warrant dismissal.

As SMB notes, however, there is a second problem with Taal's filing: it is unintelligible and fails to comply with Rule 8010(a)(1), which lists the elements of an adequate brief. <u>See</u> Fed. R. Bankr. P. 8010(a)(1).  Rule 8010(a)(1) states that an appellant's brief must contain the following sections, set out in the following order:

1- A table of contents, with page references;
2- A table of cases cited in the brief, listed alphabetically, with references to the pages of the brief on which they are cited;
3- A list of statutes and other authorities cited in the brief, with references to the pages of the brief on which they are cited;
4- A statement of the basis of appellate jurisdiction;
5- A statement of the issues presented for review;
6- A statement of the applicable standard of appellate review;
7- A statement of the case, that explains: the nature of the case, its procedural history, and the bankruptcy court's rulings;

8- A statement of facts that are relevant to the issues on appeal, with references to the bankruptcy court record;

9- An argument section: The contentions the appellant wishes to make, supported by legal arguments and citations to legal authorities; and

10-   A conclusion that indicates the relief the appellant is seeking.

See id. Taal's brief does not come close to satisfying these requirements, and I am accordingly unable to determine what issues he is seeking to appeal. Thus, I grant SMB's motion to strike the brief without prejudice to Taal's right to file a new brief within fourteen days that conforms to Rule 8010(a)(1). I deny SMB's motion to the extent it seeks dismissal of Taal's appeal.

## IV.   CONCLUSION

For the foregoing reasons, I grant in part and deny in part SMB's motion to strike and dismiss. (Doc. No. 21.) I deny appellant's motion for leave to file brief, (Doc. No. 19), appellees' motions to extend time to respond to appellant's brief (Doc. Nos. 28 and 31), and appellant's motion for leave to file reply brief (Doc. No. 34) as moot. If the appellant submits a revised brief within fourteen days, as permitted by

this Order, the parties shall thereafter follow the briefing

schedule established by Rule 8009.[2]

    SO ORDERED.

                           /s/Paul Barbadoro
                           Paul Barbadoro
                           United States District Judge

August 5, 2013

cc:  Baboucar B. Taal, pro se
     Gregory T. Uliasz, Esq.
     Adam Zlotnick, Esq.
     Jay M. Niederman, Esq.
     Lawrence P. Sumski, Esq.
     Geraldine L. Karonis, Esq.

---

[2] Appellees NSL and Discover Bank sought to join SMB's motion to strike and dismiss.  See Doc. Nos. 23, 30.  They, too, will have an opportunity to respond if Taal submits a new brief.  Their briefs, Doc. Nos. 32, 33, are stricken.