```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Baboucar B. Taal

    v.                                    Civil No. 13-cv-194-PB
                                          Opinion No. 2014 DNH 003
St. Mary's Bank, et al.

### MEMORANDUM AND ORDER

Baboucar Taal seeks appellate review of the bankruptcy court's dismissal of his Chapter 13 bankruptcy petition.  St. Mary's Bank, Discover Bank, and the law firm of Niederman, Stanzel & Lindsey oppose Taal's petition.  I affirm the Bankruptcy Court's dismissal order.

### I.   BACKGROUND

In 2009, St. Mary's and Discover independently sued Taal in New Hampshire district courts.  St. Mary's received a judgment of $6,196.62 and Discover received a judgment of $10,454.71.  Taal unsuccessfully appealed both judgments to the New Hampshire Supreme Court.  Although both judgments are final, St. Mary's remains involved in state court litigation concerning the propriety of its disposal of collateral Taal surrendered to satisfy the loan.

Taal has been held in contempt by state courts for failing to comply with prior orders to pay the judgments. Rather than making required payments, Taal filed a Chapter 13 bankruptcy petition.

Taal actively participated in his Chapter 13 proceedings, filing countless motions on his own behalf. Taal's activity, however, was not necessarily aimed at a prompt resolution of his proceedings. From the beginning, Taal had difficulties complying with bankruptcy court rules. On September 24, 2012, the bankruptcy court issued a contingent notice of dismissal that was subsequently waived after Taal paid a delinquent filing fee. Taal then failed to disclose his tax records to St. Mary's upon its request, as required by the bankruptcy code. See 11 U.S.C. § 521(e)(1). In late September and early October, St. Mary's filed affidavits of noncompliance and a proposed order of dismissal for Taal's failure to turn over these documents. On October 4, 2012, after a hearing, the court directed Taal to provide the documents to St. Mary's, noting that failure to comply with its order could result in dismissal of his case. The next day, the court granted a motion to continue the confirmation hearing until November 16, presumably after Taal

2

was to have given St. Mary's the appropriate documents.  Over the next month, Taal continued to file motions to, among other things, avoid  a lien and initiate an adversary proceeding against St. Mary's, both of which were denied by the court.

On November 16, 2012, the court held the hearing to discuss the potential confirmation of Taal's Chapter 13 Plan.  St. Mary's had objected to confirmation on the grounds that the plan failed to meet required statutory parameters.  That day, the court issued the following order:

> Trustee to submit a proposed order forthwith regarding payments.  Confirmation is denied.  On or before January 18, 2013 the debtor(s) must file with the Court an amended plan, serve a copy of the amended plan and a notice of confirmation hearing as required by Federal Rules of Bankruptcy Procedure 2002(b) and 3015(d) and LBR 3015-(b), and file a certificate of service with the Court, failing which the case may be dismissed.  If an amended plan is timely filed and served, a confirmation hearing will be held on March 8, 2013 at 9:00 a.m.

Doc. No. 3-13.  Taal subsequently filed, among other things, a motion for contempt on November 27, 2012, a motion for sanctions on December 17, 2012, and a further motion for sanctions on December 26, 2012, alleging that St. Mary's attorney had failed to file a required corporate disclosure document.  On December 28, 2012, Taal filed a required bankruptcy form detailing his

3

current income.  On January 2, 2013, he filed an objection to the creditors' proofs of claim, a motion requesting production of documents that was subsequently denied, and a further motion for sanctions.  The next day, Taal filed several subpoena requests.  On January 7, he filed amendments to the required current income forms, and on January 14 he filed objections to the creditors' motion to quash the subpoena requests.  On January 17, 2013, Taal filed a motion to amend the court's order denying his request for document production.  Taal did not, however, file an amended confirmation plan by January 18, as required by the court's November 16 order.

On January 25, 2013, the court dismissed Taal's bankruptcy case, quoting its November 16 order directing Taal to file an amended confirmation plan by January 18, 2013, "failing which the case may be dismissed."  The dismissal order then stated: "As of the date of this order, the Debtor has failed to file an amended plan and certificate of service with the Court in compliance with the Order.  Accordingly, the case is hereby dismissed for want of prosecution."  Doc. No. 5-1 (emphasis omitted).  Four days later, Taal submitted a motion to amend the dismissal order, claiming that he never received notice of the

November 16, 2012 order, and requesting leave until February 25, 2013 to submit an amended confirmation plan.  On February 5, 2013, the court responded that a Certificate of Notice indicated that a copy of the November 16 order had been mailed to Taal's address and that Taal had received other documents mailed to the same address throughout the proceedings.  The court also noted that, at the November 16 hearing, it had orally directed Taal to file his amended plan by January 18, 2013 or risk dismissal, and had explained that it would issue an order that day summarizing the hearing's outcome.

On February 12, 2013, Taal filed another motion to amend, arguing that the court unfairly dismissed his case based on a single failure to file "while excusing other parties time and time again."  Taal filed a similar motion on March 12 that the court denied two days later, noting that "[t]he Debtor's arguments . . . do not evince any exceptional circumstance – only that the Debtor feels the Court homed in on a minor procedural flaw and unfairly dismissed the bankruptcy case because of it."  Doc. No. 5-8.  On April 24, 2013, Taal filed a notice of appeal with this court.

## II. STANDARD OF REVIEW

This court has jurisdiction to hear appeals from final judgments, orders, and decrees issued in bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). When reviewing a decision by a bankruptcy court, the district court reviews legal conclusions de novo and upholds findings of fact unless they are clearly erroneous. Fed. R. Bankr. P. 8013; Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st. Cir. 1997); Askenaizer v. Moate, 406 B.R. 444, 447 (D.N.H. 2009). In discretionary matters, a bankruptcy court abuses its discretion if it "ignores a material factor deserving of significant weight, relies upon an improper factor or makes a serious mistake in weighing proper factors." Howard v. Lexington Invs., Inc., 284 F.3d 320, 323 (1st Cir. 2002) (internal quotation marks omitted).

## III. ANALYSIS

To the extent that they are intelligible, Taal's arguments center upon the bankruptcy court's alleged procedural unfairness and abuse of discretion in dismissing his petition. Among other things, Taal argues that: (1) the court "abused . . . judicial and legal obligation[s] to arbitrate on the facts" when it

dismissed his case on procedural grounds; (2) he was denied due process because he lacked notice of the court's November 16 order; and (3) his income schedules, Doc. No. 4-2, are the equivalent of a confirmation plan and thus fulfill the requirements of the November 16 order.

I must consider whether the bankruptcy court abused its discretion in dismissing Taal's petition for failing to timely file a Chapter 13 plan.  A bankruptcy court's dismissal for failure to file a confirmation plan is discretionary, and if "the bankruptcy court's conclusion[s] supporting dismissal are supported by the facts there is no abusive discretion."  In re Burgos, 476 B.R. 107, 111 (S.D.N.Y. 2012) (citing In re Dudley, 273 B.R. 197, 199 (8th Cir. BAP 2002)); see also Howard, 284 F.3d at 323 (holding that it is "entirely appropriate" for a bankruptcy court to set and enforce a deadline for a debtor to file tax returns).  A bankruptcy court "may issue any order, process, or judgment" that it deems necessary, and can "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  11 U.S.C. § 105(a).  The bankruptcy code also grants the court the power to dismiss a

7

Chapter 13 case for cause, which includes the "failure to file a plan timely." Id. § 1307(c)(3). The Ninth Circuit Bankruptcy Appellate Panel characterizes § 1307(c)(3) as "an important restriction on a chapter 13 debtor who, unlike a chapter 11 debtor, is the only entity that may file a plan." In re Ellsworth, 455 B.R. 904, 916 (9th Cir. BAP 2011) (citing 8 Collier on Bankruptcy ¶ 1321.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011)). A party may seek modification or clarification of an order, but a litigant flouts a court's specific order at its peril. Id. The First Circuit has noted that Chapter 13 allows a debtor many benefits over other bankruptcy proceedings, but "[t]o obtain these benefits, Chapter 13 debtors are required to act swiftly. They must file a plan within 15 days of the petition, and must commence payments under the plan within 30 days. Failure to act in a timely manner is grounds for dismissal." Howard, 284 F.3d at 321 n.1 (citations omitted).

Here, the bankruptcy court appropriately set and enforced a deadline for timely filing an amended plan. Although Taal was active in litigation, he was lax in responding to creditors and to the court's directives to file his tax returns. He was given

explicit instructions – both in a court order and during the hearing preceding the order – that a failure to timely file a plan would lead to his case's dismissal.  This was not his first such warning.  Taal did not file the plan, and the bankruptcy court properly exercised its discretion under 11 U.S.C. § 1307(c)(3) to dismiss the case.

Taal's arguments otherwise are unavailing.[1]  Taal clearly had notice of the order and the potential consequences of violating it, whether by certified mail or by attending the November 16 hearing.  His income and expenditure forms are also manifestly not a confirmation plan or the equivalent thereof.  Pursuant to 11 U.S.C. § 1322, a plan shall provide for, among other things, the submission of future earnings to the supervision and control of the trustee.  Taal's income and

---

[1] To the extent that it is intelligible, Taal also appears to allege an equal protection violation based upon the bankruptcy court forgiving creditors' minor procedural faults but dismissing his case for a similarly minor fault.  This argument, among other flaws, as alleged would not permit a "reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  An equal protection claim must include facts "sufficient to convey specific instances of unlawful discrimination," and "[a] plaintiff may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus."  Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992)(quotations omitted).

expenditure forms were required federal bankruptcy filings that contain some information that might overlap with a potential plan, but lack any information on plan payments.  Further, Local Bankruptcy Rules specify a form that must be used by Chapter 13 petitioners.  LBR 3015-1.  Taal used this form in submitting his initial plan.  Doc. No. 2-10.  The November 16, 2012 order noted that Taal's amended plan must also conform to Local Rule 3015.  Considering Taal's prior compliance with the local rules regarding plan submissions, his assertion that the income and expenditure forms constitute a plan, or substantial compliance with a plan, amounts to nothing more than a flimsy, post hoc rationalization for his failure to abide by court rules.

In addition to his central argument, Taal alleges various bankruptcy court failures and creditor malfeasance.  As discussed above, this case centers upon the propriety of the bankruptcy court's dismissal of Taal's claim for failing to timely file an amended Chapter 13 plan.  I need not address the merits of Taal's charges because each of his complaints has no bearing on the ultimate disposition of the case.

Finally, Taal claims that an appeals court "always favors cases disposition of the merits [sic]." Taal overstates a fundamental policy of the law – a policy necessarily balanced by the courts' need to prevent undue delays. See Richman v. Gen'l Motors Corp., 437 F.2d 196, 199 (1st Cir. 1999). Courts must have the ability to "establish orderly processes and manage their own affairs," and "disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). Here, the court properly exercised this discretionary balancing in dismissing Taal's petition without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, I affirm the Bankruptcy Court's dismissal of Taal's Chapter 13 petition.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

cc:   Counsel of Record

11